J-S25005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| OSCAR EARL FINK III | |
| Appellant | No. 1598 MDA 2013 |

Appeal from the Judgment of Sentence August 7, 2013
In the Court of Common Pleas of Lancaster County
Civil Division at No(s): CI-12-05815

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 18, 2014**

Oscar Earl Fink, III, appeals from the judgment of sentence imposed on August 7, 2013, in the Court of Common Pleas of Lancaster County, upon the revocation of his probation, and made final by the denial of post-sentence motions on August 19, 2013.  On October 3, 2012, Fink pled guilty to indirect criminal contempt ("ICC") for violation of a protection from abuse ("PFA") order,[1] and was sentenced to six months' probation.  On August 7, 2013, the court revoked his probation and sentenced him to a term of six months' incarceration.[2]  On appeal, Fink challenges the discretionary aspects

---

[1]  23 Pa.C.S. § 6114(a).

[2]  As will be discussed *infra*, in a related matter, Fink also pled guilty to robbery on October 3, 2013, at Docket No. 4551-2012, and sentenced to a
*(Footnote Continued Next Page)*

of his sentence. After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm.

The facts underlying Fink's conviction are well known to the parties, and aptly summarized in the trial court's opinion. *See* Trial Court Opinion, 10/23/2013, at 1-8. Therefore, we need only summarize the procedural history. On June 20, 2012, Fink's paramour filed a PFA petition against Fink. A temporary PFA order was issued that same day. Seven days later, a criminal complaint was filed against Fink, charging him with one count of ICC, at Reference Number 12-0138, for violating the PFA order by contacting the victim. On July 2, 2012, after a hearing, where Fink failed to appear, the court found the victim had been abused by Fink pursuant to the temporary order, and a final PFA order was entered for a period of three years.

Subsequently, on July 10, 2012, a second criminal complaint was filed against Fink, charging him with one count of ICC, at Reference Number 12-

_(Footnote Continued)_ ───────────────

term of three to 23 months in county prison, followed by four years' probation. At the August 7, 2013, probation violation hearing, the probation related to the robbery conviction was revoked and Fink was sentenced to serve the unexpired balance of his minimum sentence for the robbery offense.

0139,[3] for calling and threatening the victim. Thereafter, on August 24, 2012, a third criminal complaint was issued against Fink, again charging him with one count of ICC, at Reference Number 12-0137, for allegedly approaching the victim, taking items from her, and pushing her to the ground. That same day, a separate criminal complaint was filed against Fink, at Docket Number 4551-2012, charging him with robbery, theft by unlawful taking, and simple assault domestic violence, based upon the same conduct that resulted in the filing of the ICC at Reference Number 12-0137.

On October 3, 2012, a hearing on two of the ICC charges was held, to which Fink did appear.[4] After hearing testimony, the court found Fink guilty of the two ICC charges at Reference Numbers 12-0138 and 12-0139. The court then sentenced Fink to six months of incarceration with regard to the ICC conviction at Reference Number 12-0138, and a consecutive term of six months' probation with respect to the ICC conviction at Reference Number 12-0139.

---

[3] ICC Reference Number 12-0139 is at Civil Docket Number CI-12-05815, and the case on appeal here.

[4] Prior to the proceeding, the Commonwealth moved to *nol pros* the ICC charge at Reference Number 12-0137, because of the separate criminal prosecution, at Docket Number 4551-2012, that was pending based upon the same conduct.

With respect to the criminal prosecution, on March 5, 2013, Fink pled guilty to robbery and received a split sentence of three to 23 months in county prison, followed by four years' probation. The sentence at Docket Number 4551-2012 was made concurrent to the ICC sentence. On May 12, 2013, the court signed an order, directing that Fink would be released from prison on May 21, 2013, for the robbery conviction. Pursuant to his release, Fink acknowledged he was informed that he needed to report to the Lancaster County Adult Probation and Parole Services Office on May 31, 2013, for an appointment. However, on June 21, 2013, Fink's probation officer filed a petition to issue *capias* and bench warrants against Fink on the ICC conviction, at Reference Number 12-0139, and the robbery conviction,[5] based upon Fink's failure to appear for probation appointments on May 31, 2013, June 11, 2013, and June 20, 2013. The court then issued separate orders directing that *capias* and bench warrants shall be issued against Fink.

On August 7, 2013, a hearing was held on Fink's probation violations. Fink and his probation officer both testified. At the conclusion of the hearing, the court found Fink was in violation of his probation, which was revoked. Prior to imposing a sentence, the trial court considered Fink's extensive criminal history, his prior probation and/or parole violations,

_____

[5] Fink had completed his sentence of six months' incarceration on ICC Reference Number 12-0138.

- 4 -

comments made by Fink during the hearing, testimony provided by the probation officer, and other information provided to the court. Based on this evidence, the court concluded probation had not been an effective rehabilitation tool for Fink, and that incarceration was essential to vindicate the authority of the court. The court then sentenced Fink to six months' incarceration on the ICC conviction, at Reference Number 12-0139. The court also imposed imprisonment for the unexpired balance of his minimum sentence on the robbery conviction, but he was made eligible for parole after serving six months in jail. The sentences were made consecutive to one another, so Fink's aggregate sentence was 12 months' incarceration, followed by probation/parole.

On August 15, 2013, Fink filed a post-sentence motion, arguing that the six-month sentence imposed by the court on October 3, 2012 (ICC Reference Number 12-0138), for violating the underlying temporary PFA order, was illegal based upon this Court's decision in **Ferko-Fox v. Fox**, 68 A.3d 917 (Pa. Super. 2013). Fink asserted that consequently, when sentencing him on the probation violation under ICC Reference Number 12-0139, the Court should have retroactively taken into consideration the illegal sentence on ICC Reference Number 12-0138, and imposed probation or a jail sentence concurrent to the robbery sentence. Fink also filed a motion to modify his sentence, alleging the trial court abused its discretion by failing to

adequately consider mitigating circumstances and by imposing consecutive sentences. The trial court denied Fink's post-sentence motions on August 19, 2013. On September 6, 2013, Fink filed a notice of appeal, **seeking to appeal only** the probation violation sentence under ICC Reference Number **12-0139**.[6, 7]

On appeal, Fink claims the trial court's sentence of the unexpired balance of the original sentence on Docket Number 4551-2012, which was imposed consecutively to the sentence at ICC Reference Number 12-0139, was manifestly excessive, an abuse of discretion, and contrary to the fundamental norms underlying the sentencing process because the court failed to adequately consider the fact that the victim was no longer in fear of him, which was evidenced by the fact that she petitioned the court to withdraw the PFA order against him, and the probation violation was for missed appointments with the probation officer, not for engaging in any new criminal activity. Fink's Brief at 14. Likewise, Fink asserts the court failed to consider his "character and rehabilitative needs," which he states are as

---

[6] Fink did not appeal the revocation sentence imposed with regard to the robbery conviction at Docket Number 4551-2012.

[7] On September 6, 2013, the trial court ordered Fink to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Fink filed a concise statement on September 27, 2013. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 23, 2013.

follows: (1) he was having issues with his family; (2) his girlfriend's ex-husband was causing issues for him during his probationary period; (3) his girlfriend, the victim, was present in the courtroom in support of him during the hearing and sentencing; and (3) he was employed by the Manheim Auto Auction as a car detailer. *Id.* at 14-15. Additionally, Fink argues the court failed to consider that he had already served an illegal sentence with respect to his ICC conviction at Reference Number 12-0138 based on *Ferko-Fox* when sentencing him on the probation violations as "this was a relevant factor."[8] *Id.* at 16.

Initially, we note Fink **only** appealed his probation revocation sentence with regard to his ICC conviction at Reference Number 12-0139, and not his robbery conviction at Docket Number 4551-2012. **See** Notice of Appeal, 9/6/2013.[9] Therefore, we will limit our analysis to the extent that Fink challenges his ICC sentence. **See** Pa.R.A.P. 902 (manner of taking appeal).

Fink's argument on appeal challenges the discretionary aspects of his sentence. **See Commonwealth v. Bishop**, 831 A.2d 656, 660 (Pa. Super.

---

[8] We will address this contention, separately, at the end of our analysis.

[9] Moreover, a review of Fink's post-sentence motion reveals that a majority of his argument was devoted to challenge the legality of his sentence as to his ICC conviction at Reference Number 12-0138 and how it should apply to his ICC conviction at Reference Number 12-0139. **See** Fink's Post-Sentence Motion to Vacate Illegal Sentence, 8/15/2013, at unnumbered 2-4. He also raised discretionary aspects of sentencing claims. *Id.* at unnumbered 4.

2003) ("a claim that the sentence imposed by the trial court was manifestly excessive is a challenge to the discretionary aspects of the sentence."); *Commonwealth v. Downing*, 990 A.2d 788, 793 (Pa. Super. 2010) (a claim that a trial court failed to consider the defendant's rehabilitative needs and the protection of society is a challenge to the discretionary aspects of sentencing).

The standard of review for a claim challenging a discretionary aspect of sentencing is well-established:

> Sentencing is a matter vested in the sound discretion of the judge, and will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008) (citation omitted), *appeal denied*, 980 A.2d 607 (Pa. 2009).

"A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2007) (citations and quotation marks omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Dunphy*, 20 A.3d 1215, 1220 (Pa. Super. 2011)

(footnotes omitted).

Here, Fink did file a timely notice of appeal, preserved the issue in a post-sentence motion, and included the requisite statement pursuant to Pa.R.A.P. 2119(f) in his appellate brief. Therefore, we may proceed to determine whether Fink has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Commonwealth v. Edwards*, 71 A.3d 323, 330 (Pa. Super. 2013).[10]

---

[10] With respect to whether an issue presents a substantial question, we are guided by the following:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. *See Commonwealth v. Paul*, 2007 PA Super 134, 925 A.2d 825 (Pa. Super. 2007). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Griffin*, 2013 PA Super 70, 65 A.3d 932, 2013 WL 1313089, *2 (Pa. Super. filed 4/2/13) (quotation and quotation marks omitted).

*Edwards*, 71 A.3d at 330 (citation omitted).

To the extent Fink argues his sentence was manifestly excessive, such a claim does raise a substantial question. *See Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) ("A claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question."). Moreover, a claim that the trial court failed to consider a defendant's rehabilitative needs and protection of society also raises a substantial question. *See Downing*, 990 A.2d at 793. However, generally, "an allegation that the sentencing court 'failed to consider' or 'did not adequately consider' various factors does not raise a substantial question that the sentence was inappropriate." *Id.*, *citing* *Dunphy*, 20 A.3d at 1222. While Fink does raise an excessiveness argument, a review of his brief does not reveal any claims concerning his rehabilitative needs. Furthermore, his assertion that the court failed to consider certain mitigating circumstances does not present a substantial question. Therefore, our review is restricted to Fink's claim that his sentence was manifestly excessive.

"In general, the imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Hoover*, 909 A.2d 321, 322 (Pa. Super. 2006). "[A] sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the

considerations in a meaningful fashion." *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000).

"[I]t is well settled that the sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations." *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (citation and quotation marks omitted). The general standards for sentencing are as follows: "the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b); *see also Commonwealth v. Walls*, 846 A.2d 152, 157-158 (Pa. Super. 2004).[11]

_____

[11] 42 Pa.C.S. § 9771, entitled "Modification or revocation of order of probation", provides as follows:

> *(a) General rule.*--The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

> *(b) Revocation.* --The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

*(Footnote Continued Next Page)*

"In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Commonwealth v. Cartrette*, 83 A.3d 1030, 1040-1041 (Pa. Super. 2013) (internal quotations omitted); 42 Pa.C.S. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Crump*, 995 A.2d 1280, 1282-1283 (Pa. Super. 2010).

---

*(Footnote Continued)* ─────────────────

> *(c) Limitation on sentence of total confinement.*--**The court shall not impose a sentence of total confinement upon revocation unless it finds that**:
>
> > (1) the defendant has been convicted of another crime; or
> >
> > (2) **the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned**; or
> >
> > (3) **such a sentence is essential to vindicate the authority of the court**.

42 Pa.C.S. § 9771(a)-(c) (italics in original; emphasis added).

Here, while Fink did commit technical violations of his probation, and not any new criminal activity, the trial court found total confinement following the revocation of Fink's probation was necessary because probation had not been an effective rehabilitation tool for him, and a sentence of incarceration was necessary to vindicate the authority of the court. *See* N.T., 8/7/2013, at 4, 9. Specifically, the court stated:

> You were given significant breaks, as far as I'm concerned, because when I found you guilty, I could have given you 12 months in jail. I only gave you six months. You were given another break by the judge who sentenced you on the robbery, and made that sentence concurrent to my sentence on the ICC, when it could have been consecutive. You won't get those breaks today.

*Id.* at 9.

In its Rule 1925(a) opinion, the trial court further explained its rationale:

> Prior to imposing sentence, the Court considered [Fink]'s significant criminal record of 13 prior convictions dating back to 1996, [Fink]'s 10 prior probation/parole violations, comments made by [Fink] and his counsel, testimony from the probation officer, and all information obtained when [Fink] previously appeared before this Court for his ICC charges on October 3, 2012, when [Fink] was cautioned that if he violated probation he faced six additional months in jail. For these reasons, the Court determined that probation had not been an effective rehabilitation tool and a sentence of total confinement was essential to vindicate the authority of the court. *See* 42 Pa.C.S. §§ 9771(c)(3).
>
> [Fink] suggests an aggregate sentence of 12 months incarceration in Lancaster County Prison is unreasonable. By doing so, [Fink] ignores the threatening and violent nature of

- 13 -

these offenses, his terrible prior record, previous unsuccessful periods of supervision, the break [Fink] received when he was initially placed on probation for the ICC, and the additional break [Fink] received when his sentence on the robbery conviction was made concurrent to the ICC sentence. [**Leonard v. Smith**, 684 A.2d 622, 627 (Pa. Super. 1996)] (the trial court's sentence of 18 months imprisonment for three separate counts of ICC was not excessive).

As noted in **Crump**, **supra**, sentencing on a probation violation is a matter vested within the discretion of the trial court, and will not be disturbed absent a manifest abuse of discretion. [**Crump**,] 995 A.2d at 1282. [Fink] has demonstrated utter contempt for his probation officer, this Court, and the administration of justice. For these reasons, there was no abuse of discretion committed by the Court.

Trial Court Opinion, 10/23/2013, at 13-14. In light of the above-mentioned considerations, and upon our review of the record, we conclude the trial court did not abuse its discretion in imposing Fink's sentence following its revocation of his probation as it was not manifestly excessive. Therefore, we will not disturb it herein.

Lastly, as stated above, Fink asserts the court failed to consider that he had already served an illegal sentence with respect to his ICC conviction at Reference Number 12-0138 when sentencing him on the present probation violations. Fink's Brief at 16. This argument fails for several reasons.

First, we are guided by the following principle:

[w]hen, on appeal from a sentence imposed following probation revocation, an appellant collaterally attacks the legality of the underlying conviction or sentence,

> such an approach is incorrect and inadequate for two reasons. First any collateral attack of the underlying conviction [or sentence] must be raised in a petition pursuant to the Post-Conviction Relief Act. Second, such an evaluation ignores the procedural posture of [the] case, where the focus is on the probation revocation hearing and the sentence imposed consequent to the probation revocation, not the underlying conviction and sentence.
>
> ***Commonwealth v. Beasley***, 391 Pa. Super. 287, 570 A.2d 1336, 1338 (Pa. Super. 1990).

***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013).

Here, Fink is attempting to attack the legality of his sentence with respect to his underlying ICC conviction at Reference Number 12-0138 by claiming that it was illegal pursuant to ***Ferko-Fox***, ***supra***. He is not permitted to do so with respect to the present appeal.[12]  **See Infante**. Moreover, we emphasize our review of the matter is limited to the probation revocation hearing and the present sentence imposed consequent to the probation revocation, not a underlying conviction and sentence. **See id.**

Second, Fink is essentially asking for time served because he believes the six-month sentence he served for the allegedly illegal sentence at Reference Number 12-0138 should be applied to his sentence at Reference

_____

[12]  The proper time to raise this argument would have been on direct appeal from either the issuance of the final PFA order or on direct appeal from the original judgment of sentence imposed on October 3, 2012.

- 15 -

Number 12-0139.  *See* Fink's Brief at 15-16; *see also* Fink's Post-Sentence

Motion to Vacate Illegal Sentence, 8/15/2013, at unnumbered 4.

Credit for time served is governed by statute, in pertinent part, as

follows:

> **§ 9760. Credit for time served**
>
> After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:
>
> …
>
> (3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

42 Pa.C.S. § 9730(3).  Here, Fink's sentence at Reference Number 12-0138

was never set aside because he failed to directly or collaterally attack its

legality.  He cannot now ask for credit for time served as to a sentence that

was not found to be improper.

Third, we find *Ferko-Fox*, upon which Fink relies, is not dispositive in

the present matter.  In *Ferko-Fox*, the plaintiff-wife filed a PFA petition

against defendant-husband and was granted a temporary PFA order.  On

appeal, Husband challenged the propriety of the temporary PFA order that

the trial court entered.  He contended that 23 Pa.C.S. § 6107 "mandates

that a trial court conduct an *ex parte* hearing before issuing a temporary PFA

and that 'a simple review of a verified petition' is inappropriate." ***Ferko-Fox***, 68 A.3d at 920. The local practice for issuing PFA orders was as follows:

> Lancaster County established an informal practice before the trial courts in PFA matters, as follows. The court initially reviews a PFA petition *in camera* to determine if the allegations raised in the petition establish an immediate and present danger of abuse. If the trial court determines that the four corners of the PFA petition are sufficient to support the required finding of an immediate and present danger, then it will issue a temporary PFA and schedule a hearing for a final PFA within ten days.

***Id.*** at 923-924. On appeal, a panel of this Court determined:

> [T]he stated practice does not comply with § 6107(b) because it reduces the procedural safeguards established within the section and increases the risk of an erroneous deprivation of the respondent's liberty.
>
> …
>
> Indeed, an appreciable difference exists, in terms of ensuring the truthful allegations of abuse, between a review of the verified allegations listed in a PFA petition and the conduct of an *ex parte* hearing. A person may blithely execute a petition inflating claims of abuse. On the other hand, the process of appearing in court before a judge and swearing to testify truthfully would necessarily give one pause about leveling exaggerated or specious allegations against another person. Further, in-person examination of the petitioner during a hearing permits the trial court to inquire of facts and circumstances beyond the allegations that the victim delineated in the petition. It is, in practice, impossible for a trial court to discern from its review of pre-printed PFA form whether a petitioner has an improper motive, such as retaliation or to gain an advantage in another proceeding.

*Id.* at 924. Therefore, the panel held that "absent an exigent circumstance that prevents a petitioner's appearance, due process mandates that a trial court convene an *ex parte* hearing prior to entering a temporary PFA order pursuant to § 6107(b)." *Id.* at 925. Nevertheless, the panel indicated that "since a final PFA order was entered herein following a full adversarial proceeding, the lack of an *ex parte* hearing in the present matter is not grounds for reversal of the final PFA order." *Id.*

Here, we apply *Ferko-Fox* for the limited conclusion that because a final PFA order was entered following a full adversarial proceeding on July 2, 2012, where Fink failed to appear, the lack of an *ex parte* hearing prior to the issuance of the temporary PFA order would not have been grounds for reversal of the underlying final PFA order.[13] Accordingly, we find Fink's argument unavailing, and we affirm the judgment of sentence.

_____

[13] We note that the trial court addressed the issue of retroactivity with respect to *Ferko-Fox*. Trial Court Opinion, 10/23/2013, at 14-18. However, we need not address that issue based on our disposition. We "may affirm the lower court on any basis, even one not considered or presented in the court below." *Commonwealth v. Burns*, 988 A.2d 684, 690 n. 6 (Pa. Super. 2009).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/18/2014</u>