570 A.2d 1336

COMMONWEALTH of Pennsylvania

v.

Clarence BEASLEY, a/k/a Anthony Perry, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 16, 1990.

Filed March 8, 1990.

Norris E. Gelman, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com.

Before DEL SOLE, BECK and HESTER, JJ.

HESTER, Judge:

This is an appeal from the judgment of sentence imposed following revocation of appellant's probation. Appellant's counsel has filed a petition to withdraw as counsel and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We deny counsel's petition to withdraw and direct counsel either to comply with all of this Commonwealth's *Anders* requirements or to file an advocate's brief.

On April 23, 1983, Clarence Beasley, appellant, was adjudged guilty of conspiracy and possessing a controlled substance with intent to deliver by the Honorable Eugene Maier, Jr. These convictions arose from appellant's participation in the December 1, 1982 sale of heroin to an undercover police officer in exchange for marked currency. Following the denial of post-verdict motions, Judge Maier sentenced appellant on August 10, 1983, to ten to twenty-three months imprisonment followed by six years probation for possession with intent to deliver; the sentence was suspended for conspiracy. We affirmed the judgment of sentence on direct appeal by a memorandum decision.

*Commonwealth v. Beasley,* 363 Pa.Super. 634, 522 A.2d 659 (1987).[1]

On April 17, 1988, while on probation, appellant was arrested again on drug charges. Following a trial before the Honorable Stanley Kubacki and a jury on September 12, 1988, he again was convicted of conspiracy and narcotics violations. Judge Kubacki sentenced appellant to an aggregate term of five to ten years imprisonment on October 28, 1988.

On December 14, 1988, Judge Maier held a violation of probation hearing, following which he revoked the probationary sentence entered August 10, 1983, and sentenced appellant to two and one-half to five years imprisonment, to be served consecutively to any sentence he then was serving. This appeal followed.

In *Commonwealth v. McFarland,* 386 Pa.Super. 91, 92, 562 A.2d 369, 369 (1989), we recently reiterated the requirements to be met in order to satisfy the mandate of *Anders* as set forth in *Commonwealth v. Thomas,* 354 Pa.Super. 87, 511 A.2d 200 (1986).

(1) [C]ounsel must petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, it has been determined that the appeal would be frivolous; (2) file a brief referring to anything in the record that might arguably support the appeal, but which does not resemble a no-merit letter or *amicus curiae* brief; and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention.

Present counsel has complied with requirements one and three: he has filed a petition for leave to withdraw indicating that he has found the appeal to be frivolous, and he has averred, in his petition to withdraw, that he furnished appellant with a copy of the brief and advised him of his right to retain new counsel.

1. We note that direct appeal counsel also filed an *Anders* brief and petition to withdraw, which we granted.

■ However, counsel's *Anders* brief falls short of meeting the requirements set forth in that case and pertinent Pennsylvania cases. *See, e.g., Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). As noted *supra*, this is an appeal from a judgment of sentence imposed following revocation of probation. Such an appeal is limited. "The review in an appeal from judgment of sentence which has been imposed following revocation of probation is 'limited to the validity of the revocation proceedings and the legality of the final judgment of sentence'. *Commonwealth v. Gilmore*, 465 Pa. 202, 205, 348 A.2d 425 at 427 (1975)." *Commonwealth v. Czapla*, 287 Pa.Super. 335, 339, 430 A.2d 313, 315 (1981), quoting *Commonwealth v. Sylvanus*, 246 Pa.Super. 93, 369 A.2d 826 (1976).

■ Counsel in the present case, rather than assessing the propriety of the revocation of probation proceedings and the sentence imposed consequent to the probation revocation, has undertaken an examination of the underlying conviction and sentence. Such an approach is incorrect and inadequate for two reasons. First, any collateral attack of the underlying conviction must be raised in a petition pursuant to the Post Conviction Relief Act. Second, such an evaluation ignores the procedural posture of this case, where the focus is on the probation revocation hearing and the sentence imposed consequent to the probation revocation, not the underlying conviction and sentence.

■ For example, one of the issues relevant in the present case is as follows. A sentencing court has a statutory duty to disclose in open court at the time of sentencing a statement of reasons for the sentence imposed, 42 Pa.C.S. § 9721(b), and the reasons must reflect the judge's consideration of the sentencing code, the circumstances of the offense and the character of the offender. Pa.R.Crim.P. 1405; *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). These requirements equally are applicable when a court imposes sentence following the revocation of probation. *Commonwealth v. Kane*, 315 Pa.Super. 212, 221 n. 5, 461 A.2d 1246, 1251 n. 5 (1983).

Indeed, Pa.R.Crim.P. 1409 states, in part, "In the event that probation is revoked and sentence is reimposed, the judge shall comply with the pertinent provisions of Rule 1405." *See also Commonwealth v. Gochenaur*, 331 Pa.Super. 187, 480 A.2d 307 (1984). However, where a presentence report exists, a reviewing court will presume that the sentencing court was aware of relevant information concerning the defendant and ordinarily will not remand for a statement of reasons. *See Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988). We have determined that *Devers* is applicable to situations when the imposition of sentence follows the revocation of probation. *Commonwealth v. Gibson*, 385 Pa.Super. 571, 561 A.2d 1240 (1989). Therefore, present counsel must determine whether a presentence report was obtained in this case, and if not, whether the court's statement of reasons for the sentence imposed was adequate.

Clearly, by focusing on a potential collateral attack which could be proper only in the context of a PCRA petition in light of the procedural posture of this case, counsel has foregone his duty of proper representation, for his brief has not referred to anything in the record which might arguably support the appeal within the focus and context of the appeal as it exists, and which would be cognizable on appeal from a sentence imposed following an order revoking probation.

For the foregoing reasons, we enter the following order: Appellant's counsel is directed either to comply with this Commonwealth's *Anders* requirement as set forth above if he seeks leave to withdraw from this appeal, or to file an advocate's brief, within thirty days of the date of this decision. The Commonwealth, within thirty days of the date appellant's counsel files his *Anders* brief or advocate's brief, is directed to respond. Appellant's motion for enlargement of time is denied without prejudice and may be reasserted following counsel's compliance with this Opinion and Order. Panel jurisdiction is relinquished. Superior Court Jurisdiction is retained. Case to be reassigned to

292

another panel by the Prothonotary of the Superior Court. *Commonwealth v. Thomas, supra.*