634 A.2d 637

COMMONWEALTH of Pennsylvania

v.

**Gregory Lee JORDAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 23, 1993.

Filed Nov. 23, 1993.

John F. Marshall, New Bethlehem, for appellant.

William M. Kern, Dist. Atty., Clarion, for Com., appellee.

Before CIRILLO, DEL SOLE and JOHNSON, JJ.

JOHNSON, Judge:

On this appeal, we are asked to permit the withdrawal of counsel in a probation revocation matter based upon counsel's assertion in his petition to withdraw that the appeal is wholly frivolous. On our review of the Brief for Appellant, we determine that the appeal is not completely frivolous and that the brief submitted on behalf of the appellant is, in fact, an advocate's brief. Accordingly, we deny the petition for leave to withdraw, while affirming judgment of sentence following our independent review of the entire record and the issues raised in the brief.

In 1991, Gregory Lee Jordan was permitted to withdraw his guilty plea on four different informations on which he had been charged. In 1986, Jordan had pled guilty at 163 C.R. 1986 to escape, and at 178 C.R. 1986 to receiving stolen property. In 1988, Jordan had pled guilty at 13 C.R.1988 to implements of escape and at 126 C.R. 1988 to attempted escape. Following the withdrawal of his pleas to those four informations, the Honorable Charles R. Alexander, P.J., accepted new guilty pleas resulting from a negotiated agreement with the Commonwealth. Judge Alexander then sentenced Jordan to serve concurrent periods of five years' probation on each case.

Two months later, a probation revocation hearing was held, based upon Jordan's alleged violation of probation occurring one month after his resentencing. Judge Alexander found that Jordan had violated the terms of his probation and, ultimately, on January 27, 1993, re-sentenced Jordan so as to return him to the *status quo* as of July 9, 1991, before Jordan withdrew his original guilty pleas. This resulted in Jordan being reinstated to his original sentences, with applicable credit for time served. On May 5, 1993, this Court, on its own motion, consolidated the appeals at Nos. 578, 579, 582 and 583 Pittsburgh 1993, which involve these four judgments of sentence.

Not involved in this decision are two separate appeals at Nos. 580 and 581 Pittsburgh 1993, which are being separately decided.

Jordan filed a timely notice of appeal on February 26, 1993 and was granted the right to proceed *in forma pauperis.* Counsel for Jordan filed what counsel has styled an "Anders Brief" and requested permission to withdraw. Simultaneous with the filing of the Brief for Appellant, counsel filed a separate Petition for Leave to Withdraw in which counsel averred, in paragraph 7, that "counsel has determined that an appeal would be frivolous."

To withdraw under *Anders,* appointed counsel must comport with the requirements established by our Supreme

Court in *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981) and its progeny. Accordingly, counsel must: (1) petition the court for leave to withdraw; (2) state that a conscientious review of the record has been conducted and completed, and that the appeal is wholly frivolous; (3) file a brief with the court setting forth any arguable issues of record including issues the appellant wishes to have reviewed; and (4) send a copy of the brief to appellant along with a letter informing him of his right to retain new counsel, proceed *pro se,* or raise any additional points that he deems worthy of the court's attention. *Id.; see also Thorton v. Pennsylvania Board of Probation and Parole,* 525 Pa. 180, 578 A.2d 1289 (1990); *Smith v. Pennsylvania Board of Probation and Parole,* 524 Pa. 500, 574 A.2d 558 (1990).

As initially filed, counsel's petition for leave to withdraw did not contain the required certification that counsel had notified Jordan of his right to file his own brief or to retain other counsel. On July 26, 1993, counsel filed a verification with this Court which included a copy of a letter sent to Jordan, informing him of his rights. Counsel has complied with the requirements of both *Anders* and *McClendon.*

However, we have reviewed the Brief for Appellant filed with this Court on June 11, 1993, and we conclude that it is not, in fact, an *Anders* brief. To the contrary, the Brief sets forth three issues which could not be termed frivolous by this Court. Jordan, through his counsel asks the following questions for decision:

1. Whether the Commonwealth sufficiently proved that Jordan was afforded a preliminary hearing, or its equivalent, in regard to an alleged probation violation.

2. Whether the Commonwealth sustained its burden of proof that probation was not a viable means of rehabilitating and deterring future anti-social conduct.

3. Whether the Court erred when it failed to make a specific factual finding at the time of sentencing that probation was not a viable means of rehabilitating and deterring future anti-social conduct.

348

■ The review on appeal from judgment of sentence imposed following revocation of probation is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence. *Commonwealth v. Beasley*, 391 Pa.Super. 287, 288, 570 A.2d 1336, 1337 (1990). Here, we must determine the validity of the revocation proceedings.

Jordan first contends that the Commonwealth failed to prove, or offer proof, that he had been offered a preliminary hearing in regard to the probation violation, as required by *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). After our careful review of the record, we find this contention to be without merit.

In *Commonwealth v. Davis*, 234 Pa.Super. 31, 336 A.2d 616 (1975), this Court set forth five separate situations which may arise in examining the Pennsylvania practice following *Gagnon v. Scarpelli*. We there said:

> The second situation is that of a petitioner who, before the probation revocation hearing, has been arrested and after a preliminary hearing pursuant to Pa.R.Crim.P. 120 has been held for indictment and trial in the Court of Common Pleas. Neither is there in this situation any need for a *Gagnon I* [preliminary probation revocation] hearing. The purpose of that hearing will have been served by the preliminary hearing.

*Id.* at 43, 336 A.2d at 622–23. At the *Gagnon II* probation revocation hearing held September 6, 1991, Officer Brett Maxwell of the Clarion Borough Police Department testified, *inter alia,* that Jordan was arrested on August 6, 1991, that he was taken to the Clarion Borough Police Station, that he was charged, by Officer Maxwell, on August 6, 1991, with criminal attempt to commit burglary and criminal attempt to commit criminal trespass, and that a preliminary hearing was held on those charges on August 20, 1991, and that Jordan was bound over for court on those charges. Transcript of Proceedings, September 6, 1991, at 30, 37–38, 39.

■ Thus, inasmuch as Jordan had notice of the alleged violations by virtue of his arrest and preliminary proceedings

on the underlying criminal charges, the purpose of the *Gagnon I* hearing was clearly served. *Davis, supra.* The preliminary hearing prompted by the commission of a new crime may substitute for a *Gagnon I* hearing. *Commonwealth v. Del Conte*, 277 Pa.Super. 296, 298 n. 2, 419 A.2d 780, 781 n. 2 (1980) (citing cases). Jordan's first issue is without merit.

With respect to Jordan's second issue, we note that Jordan had been afforded the opportunity to withdraw his original guilty pleas and was permitted to again plead guilty being subject to only five year's probation. Within less than thirty days—from his sentencing on July 9, 1991, to his re-arrest on new criminal charges on August 6, 1991—Jordan had, himself, demonstrated that probation was not a viable means of rehabilitating the defendant and deterring future anti-social conduct. On these facts alone, we are satisfied that the Commonwealth has met any possible burden it may have had.

Finally, we find issue three to be without merit for the same reasons which we rejected Jordan's second issue. Moreover, we note that Judge Alexander filed an Explanatory Statement to Become a Part of the Sentences Imposed on January 27, 1993, etc. at each of the cases now before us on appeal. That Statement details the chronology of Jordan's exodus through the courts beginning in 1986. When we review the facts that came before the probation revocation court at its *Gagnon II* hearing on September 6, 1991, along with Jordan's subsequent conviction on April 3, 1992, of inmate possessing weapons and inmate possessing implements for escape, and his additional conviction on May 26, 1992, of criminal attempt to commit criminal trespass, we arrive at an inescapable conclusion: Probation was not a viable means of rehabilitating this defendant, Jordan, and deterring future anti-social conduct.

Because we find that the issues raised by counsel would, if proven, have arguable merit, and because of the high quality of the advocate's brief submitted by counsel, John F. Marshall, Esquire, we decline to find the appeal to be wholly frivolous. We therefore are constrained to deny counsel's

petition to withdraw based upon counsel's own characterization of this matter as a no-merit appeal. *Anders v. California, supra* 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498. Nevertheless, our independent and careful review of the probation revocation proceedings and the entire certified record convinces us that none of the issues raised by Jordan, through counsel, have merit and we are able to reach this conclusion from the record before us. *Compare, Commonwealth v. McBee,* 513 Pa. 255, 520 A.2d 10 (1986) (no need for remand for appointment of new counsel on ineffectiveness claim, where it is clear from the record claim is meritless); *Commonwealth v. Sanders,* 426 Pa.Super. 362, 373, 627 A.2d 183, 188 (1993) (withdrawal of counsel denied where counsel's conclusion of frivolousness not supported by appellate court's independent review). Because we determine that the Brief for Appellant filed on this appeal is not a cursory, no-merit type brief but rather constitutes an effective, advocate's brief, we need not afford Jordan further assistance to argue this appeal as might otherwise appear required under *Anders, supra.* We reach this conclusion mindful that Jordan has received notice of the filing of the Brief and a copy thereof, along with notice that counsel intended to request withdrawal and that Jordan was free to retain other counsel or file his own brief.

The judgments of sentence at Nos. 578, 579, 582, and 583 Pittsburgh, 1993 are hereby **AFFIRMED.** The Petition for Leave to Withdraw filed June 11, 1993 is **DENIED.** Jurisdiction relinquished.