J-S08007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JASON MARTIN SWIDERSKI | |
| Appellant | No. 830 EDA 2014 |

Appeal from the Judgment of Sentence January 31, 2014
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000002-2010

BEFORE:  DONOHUE, J., WECHT, J., and JENKINS, J.

CONCURRING STATEMENT BY JENKINS, J.:          **FILED MAY 20, 2015**

I join in the memorandum with the following observations.

This appeal is from Swiderski's sentence for his second violation of probation.  In his first two arguments on appeal, Swiderski purports to challenge his underlying original sentence of probation and restitution.  I agree with the majority's determination that these two arguments are without merit on the ground that Swiderski cannot use this appeal as a vehicle for attacking the legality of his underlying original sentence.

I add, however, that the thorough analysis of this subject in **Commonwealth v. Infante**, 63 A.3d 358 (Pa.Super.2014), deserves reference:

> When, on appeal from a sentence imposed following probation revocation, an appellant collaterally

attacks the legality of the underlying conviction or sentence,

> such an approach is incorrect and inadequate for two reasons. First any collateral attack of the underlying conviction [or sentence] must be raised in a petition pursuant to the Post–Conviction Relief Act. Second, such an evaluation ignores the procedural posture of [the] case, where the focus is on the probation revocation hearing and the sentence imposed consequent to the probation revocation, not the underlying conviction and sentence.

*Commonwealth v. Beasley*, 391 Pa.Super. 287, 570 A.2d 1336, 1338 (1990). The PCRA provides the sole means for obtaining collateral review of a judgment of sentence. *Commonwealth v. Fowler*, 930 A.2d 586, 591 (Pa.Super.2007), *appeal denied*, 596 Pa. 715, 944 A.2d 756 (2008); 42 Pa.C.S.A. § 9542. '[A] court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim. In the PCRA context, jurisdiction is tied to the filing of a timely PCRA petition.' *Id*. at 592 (quoting *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa.Super.2005) (*en banc*), *appeal denied*, 591 Pa. 688, 917 A.2d 844 (2007)). 'Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.' *Fowler, supra*. Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 837 A.2d 1157 (2003). Thus, a collateral claim regarding the legality of a sentence can be lost for failure to raise it in a timely manner under the PCRA. *Commonwealth v. Wojtaszek*, 951 A.2d 1169, 1173 n. 9 (Pa.Super.2008), *appeal denied*, 600 Pa. 733, 963 A.2d 470 (2009).

*Commonwealth v. Infante,* 63 A.3d 358, 365 (Pa.Super.2013).

I respectfully suggest that **Infante** squarely applies to Swiderski's first two issues in this appeal. Because the majority's analysis of these issues is consistent with **Infante**, I join in the memorandum.[1]

Judge Donohue and Judge Wecht join in this Concurring Statement.

---

[1] I also join in the memorandum's disposition of the remaining issues in this appeal.