J-A09001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTHA FENCHAK BELL | : | |
| | : | |
| Appellant | : | No. 975 WDA 2018 |

Appeal from the Judgment of Sentence Entered February 4, 2019
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005044-2004

BEFORE: SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SHOGAN, J.: **FILED JULY 31, 2020**

Appellant, Martha Fenchak Bell, appeals from the modified judgment of sentence entered on February 4, 2019, following the revocation of her probation at Allegheny County Court of Common Pleas docket number CP-02-CR-0005044-2004 ("CC200405044"). After review, we affirm.

In its opinion, the revocation court set forth the relevant facts and procedural history of this matter as follows:

> On or about October 23, 2003, Appellant … was charged at CC200405044 with two (2) counts of theft by unlawful taking - movable property (18 Pa.C.S. § 3921(a)), two (2) counts of theft by deception (18 Pa.C.S. § 3922), and two (2) counts of theft by failing to make required disposition of funds (18 Pa.C.S. § 3927(a)). On September 29, 2008, [Appellant] proceeded to a non-jury trial, at the conclusion of which she was found guilty on all counts.

---

[*] Retired Senior Judge assigned to the Superior Court.

Prior to commencement of her non-jury trial for the above offenses, a jury had found [Appellant] guilty of involuntary manslaughter, neglect of a care dependent person, recklessly endangering another person, and criminal conspiracy at CC200405045. As a result of those convictions, this [c]ourt imposed a term of imprisonment of twenty-two (22) to forty-four (44) months, which was to run consecutive to any other sentence [Appellant] was then serving. At the time at which [Appellant's] sentence was imposed at CC200405045, [Appellant] was incarcerated in relation to her 2005 federal convictions on fraud and false statements charges.

On September 29, 2008, [Appellant] proceeded to a non-jury trial at CC200405044 and was … found guilty on all counts. On October 3, 2008, [Appellant] was sentenced to a term of six (6) to twelve (12) months' incarceration followed by seven (7) years' probation in relation to her theft by unlawful taking conviction, to run consecutive to the seven (7) years of probation imposed as a result of her theft by deception conviction. In addition, [Appellant] was sentenced to seven (7) years of probation in relation to her theft by failing to make required disposition of funds conviction, which sentence was also to run consecutive to the sentence imposed as a result of her theft by deception conviction. [Appellant's] sentence at CC200405044 was to run consecutive to the sentence imposed at CC200405045, and both sentences were to run concurrent[1] to [Appellant's] federal sentence.

On October 30, 2008, [Appellant] filed notice of appeal to the Superior Court in relation to her convictions at CC200405044 and was thereafter directed to file her concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). [Appellant] failed to file her 1925(b) statement, and her appeal was dismissed by the Superior Court on June 9, 2009. [Appellant] thereafter filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which the Supreme Court denied,

---

[1] We point out that in its opinion, the revocation court states that the sentences were concurrent to Appellant's federal sentence. However, the notes of testimony from October 3, 2008, appear to reflect that the court directed that the sentences were to run consecutively to the federal sentence. N.T., 10/03/08, at 142.

citing the Superior Court's dismissal of [Appellant's] appeal for failure to file a 1925(b) statement.

On November 15, 2016, [Appellant] was charged with one (1) count of theft by deception (18 Pa.C.S. § 3922(a)(1)), one (1) count of receiving stolen property (18 Pa.C.S. § 3925(a)), and one (1) count of deceptive business practices (18 Pa.C.S. §§ 4106-4107)) at CC201615179. On December 14, 2017, [Appellant] entered into a negotiated plea before this [c]ourt and was sentenced to six (6) to twelve (12) months' incarceration pursuant to the terms of that plea agreement. [Appellant] was immediately paroled; however, this [c]ourt imposed a period of nine (9) years' probation and ordered [Appellant] to pay restitution in the amount of $322,300.00 to the estate of her victim.

On February 12, 2018, [Appellant] appeared before this [c]ourt for a parole violation hearing based upon her convictions at CC201615179. At the conclusion of that hearing, this [c]ourt found [Appellant] to be in violation of the previous terms of her probation at CC200405044 and resentenced her to a term of five (5) to ten (10) years of incarceration in relation to her theft by deception conviction, and a term of five (5) to ten (10) years' imprisonment for her theft by failure to make required disposition of funds conviction. Those sentences were to run consecutive to her theft by deception sentence. [Appellant] was awarded time credit for 448 days of incarceration.

On February 22, 2018, [Appellant] filed a motion to modify and reduce her sentence, in which she challenged the sentence of five (5) to ten (10) years' incarceration arising from her probation violation. Upon consideration of [Appellant's] post-sentence motion to modify and reduce her sentence, this [c]ourt vacated [Appellant's] sentence and ordered a presentence investigation. Following a June 8, 2018, hearing on [Appellant's] post-sentence motions, this [c]ourt resentenced [Appellant] to three and one half (3½) to seven (7) years of incarceration for her failure to make required disposition of funds conviction.

On July 3, 2018, [Appellant] filed a post-sentence motion for time credit. In her post-sentence motion, [Appellant] asserted claims similar to those raised in the instant appeal. Specifically, [Appellant] argued that this [c]ourt lacked jurisdiction or authority to revoke her probation at CC200405044. [Appellant] also asserted that this [c]ourt erred in failing to award her proper time

credit for certain periods of incarceration. However, before this [c]ourt could take action on [Appellant's] post-sentence motion for time credit, [Appellant] filed notice of appeal to the Superior Court on July 6, 2018. ...

Revocation Court Opinion, 7/15/19, at unnumbered 1-4. Both the revocation court and Appellant complied with Pa.R.A.P. 1925.

We note that when a **timely** post-sentence motion is filed, the judgment of sentence is not final for purposes of appeal until the trial court disposes of the motion or the motion is denied by operation of law. *Commonwealth v. Borrero*, 692 A.2d 158, 159 (Pa. Super. 1997). When an appellant files a notice of appeal before the court has ruled on a **timely** post-sentence motion, the judgment of sentence is not final, and the appeal is interlocutory. *Borrero*, 692 A.2d at 160. The proper remedy is for this Court to quash the appeal, relinquish jurisdiction, and remand for the trial court to consider the post-sentence motion *nunc pro tunc*. *Id.* at 161. Herein, Appellant was sentenced on June 8, 2018, and she did not file her post-sentence motion to modify sentence within ten days pursuant to Pa.R.Crim.P. 708(E). Accordingly, Appellant's post-sentence motion was **untimely**, and the holding from *Borrero* is not implicated.

However, the revocation court held a hearing on the untimely post-sentence motion after the appeal was filed and entered an order modifying Appellant's sentence to include credit for time served. Modified Order of Sentence, 2/4/19. Despite the untimely nature of Appellant's motion, the revocation court had the authority to correct a patent mistake in its sentence

- 4 -

even after more than thirty days from the initial June 6, 2018 judgment of sentence. *Commonwealth v. Klein*, 781 A.2d 1133, 1135 (Pa. 2001); *see also* Pa.R.Crim.P. 708, cmt. (sentencing court may *sua sponte* correct a patent or obvious mistake). This modification of sentence made the February 4, 2019 order the appealable order. Because the February 4, 2019 order was a final order, we conclude that the appeal is properly before this Court and deem the appeal "as having been filed after entry of the [appealable] order." *Commonwealth v. Ratushny*, 17 A.3d 1269, 1271 n.4 (Pa. Super. 2011). We have corrected the appeal paragraph accordingly.

On appeal, Appellant raises the following issue for this Court's consideration:

> I.  Did the lower court lack jurisdiction over [Appellant] when it violated her probation based upon new charges that were filed on November 15, 2016 because her probation should have expired in February 2016?

Appellant's Brief at 4 (full capitalization omitted).

Our standard of review is as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. *Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

*Commonwealth v. Colon*, 102 A.3d 1033, 1043 (Pa. Super. 2014). When evaluating the outcome of a revocation proceeding, this Court is limited to

reviewing the validity of the proceeding, the legality of the judgment of sentence imposed, and the discretionary aspects of sentencing. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1033-1035 (Pa. Super. 2013). "[T]he revocation of a probation sentence is a matter committed to the sound discretion of the trial court and that court's decision will not be disturbed on appeal in the absence of an error of law or an abuse of discretion." *Commonwealth v. MacGregor*, 912 A.2d 315, 317 (Pa. Super. 2006). Additionally, when sentencing a defendant following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2000); 42 Pa.C.S. § 9771(b). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(1-3); *Fish*, 752 A.2d at 923.

Appellant argues that the revocation court lacked jurisdiction to revoke her probation at CC200405044. Appellant's Brief at 9. Specifically, Appellant avers that her original sentences, which were imposed on October 3, 2008, were illegal because the crimes for which she was convicted should have merged for sentencing purposes. *Id.* at 10-11. Appellant thus concludes that

if those sentences had merged, her original sentence would have expired prior to the instant probation violation. *Id.*

Appellant's claim that the original sentences should have merged is a challenge to the legality of her original sentence. *See Commonwealth v. McCamey*, 154 A.3d 352, 357 (Pa. Super. 2017) (stating that issues concerning merger implicate the legality of the sentence). Challenges to the legality of a sentence cannot be waived if the reviewing court has jurisdiction to address the issue. *Commonwealth v. Adams-Smith*, 209 A.3d 1011, 1021 (Pa. Super. 2019). However, this Court has long held that an appellant is not permitted to challenge the original conviction and sentence in an appeal from a sentence imposed following the revocation of probation. *Commonwealth v. Beasley*, 570 A.2d 1336, 1338 (Pa. Super. 1990). Rather, such a collateral challenge must be raised in a timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[2] *Id.*

Herein, Appellant never challenged the legality of her original sentences in a PCRA petition. Accordingly, the revocation court was not permitted to

---

[2] Although the legality of a sentence is subject to review within the context of the PCRA, the petitioner's claim must satisfy the PCRA's time restrictions. *Commonwealth v. Fahy*, 737 A.2d 214 (Pa. 1999); *see also Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that in the absence of a timely filed PCRA petition, "even if there was an obvious illegality in [the] sentence, the PCRA court would not have had jurisdiction to consider [the] claim.").

address Appellant's collateral attack on the legality of the original sentences outside of the context of the PCRA. **Beasley**, 570 A.2d at 1338. Therefore, because Appellant's challenge to the legality of the original sentences was not properly raised, the original sentences remained effective at the time of the probation violation and hearing. Thus, the alleged sentencing issues were not an impediment to the revocation court's jurisdiction to revoke probation and resentence Appellant at CC200405044. For these reasons, we conclude that no relief is due and affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2020