J-S30041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEWITT MATHAIS CLIFTON | : | |
| | : | |
| Appellant | : | No. 414 MDA 2021 |

Appeal from the Judgment of Sentence Entered March 24, 2021
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005380-2006

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED: MARCH 11, 2022**

Appellant, Dewitt Mathais Clifton, appeals from the judgment of sentence of 2 ½ to 10 years' imprisonment followed by 20 years' probation, which was imposed following the revocation of his probation.  We vacate the judgment of sentence and remand for resentencing.

Our review of the record reveals the following relevant history.  On April 23, 2008, Appellant pleaded no contest pursuant to a negotiated plea agreement to two counts of statutory sexual assault (counts 1 and 2), two counts of unlawful contact with a minor (counts 3 and 4), two counts of corruption of minors (counts 5 and 6), and two counts of indecent assault (counts 7 and 8).[1]  The factual basis for the plea was that in 2006, Appellant,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3122.1, 6318(a)(1), 6301(a)(1), and 3126(a)(8), respectively.

who was then 23-years old, had consensual sex on two occasions with a 15-year old girl.[2]  N.T., 4/23/08, at 5-6, 9-10.  On November 6, 2008, Appellant was sentenced to a term of imprisonment of 18 to 36 months at count 1, 10 years' probation at counts 2 through 4, 5 years' probation at counts 5 and 6, and 2 years' probation at counts 7 and 8.  The probationary terms were directed to run consecutively to the term of incarceration at count 1 and concurrently with each other.

On March 18, 2021, the lower court held a violation of probation ("VOP") hearing.  At the hearing, Appellant's probation officer, Brandi Hooper, testified that Appellant violated the conditions of his probation by (i) recording himself having sexual intercourse with an adult woman in his vehicle during daylight hours and retaining the video on his cell phone; (ii) using the Snapchat application to contact the woman with whom he had sexual relations; (iii) searching for pornographic and other sexually explicit material on his cell phone; and (iv) having unspecified "contact with minors."  N.T., 3/18/21, at 2-3.

On March 24, 2021, the VOP court sentenced Appellant to 2 ½ to 10 years' imprisonment at count 2 followed by 10-year probationary terms at counts 3 and 4, which were imposed consecutive to each other and

---

[2] Appellant entered a no contest plea on the same date at a different docket to witness intimidation and related charges, arising out of allegations that he threatened a 14-year old not to publicly disclose his relationship with the 15-year old.  N.T., 4/23/08, at 2, 5-6, 9-10.  These convictions are not the subject of the current appeal.

consecutive to the term of incarceration at count 2. Appellant filed a timely post-sentence motion for reconsideration of the sentence. Prior to the VOP court ruling on the post-sentence motion, however, Appellant filed a timely notice of appeal from the judgment of sentence. *See* Pa.R.Crim.P. 708(E) ("The filing of a motion to modify [a VOP] sentence will not toll the 30-day appeal period.").

On appeal, Appellant raises the following issue:

Whether the [VOP] court abused its discretion in running Appellant's sentences consecutively resulting in a sentence of two and a half (2 ½) to ten (10) years of state incarceration followed by two, ten-year sentences of state supervision to run consecutively to each other and consecutive to incarceration.

Appellant's Brief at 5. Appellant argues that the VOP court erred by failing to state sufficient reasons on the record to support the sentence. Appellant further contends that the VOP sentence was so manifestly excessive as to constitute an abuse of discretion in light of the fact that the VOP court did not consider his history, characteristics, and rehabilitative needs. Appellant asserts that the court could have satisfied the punitive purpose inherent in the sentencing scheme without imposing a term of imprisonment.[3]

_____

[3] Appellant also argues that he was prejudiced at the revocation hearing as a result of the faulty remote access technology that prevented him from fully participating in the hearing. Appellant's Brief at 24. We note that at one point during the hearing, Appellant's speech was unintelligible and was not able to be recorded in the transcript. N.T., 3/18/21, at 9. However, the technical difficulties were resolved, and Appellant was then able to make an extended statement to the VOP court prior to sentencing. *Id.* at 10-14. We further note that Appellant's counsel did not raise an objection related to the technical

*(Footnote Continued Next Page)*

Appellant's arguments implicate the discretionary aspects of his VOP sentence. A challenge to the discretionary aspect of a sentence is not appealable as of right. **Commonwealth v. Akhmedov**, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*).

> Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code[.]

**Id.** (citation omitted). Only once the appellant has satisfied each of the four requirements to invoke our jurisdiction will we proceed to review the merits of the discretionary sentencing issue. **Id.** at 328-29.

Appellant has satisfied the first three requirements as he filed a timely notice of appeal, he preserved his arguments in a timely post-sentence motion, and he included a Rule 2119(f) statement in his brief. We next address whether Appellant's Rule 2119(f) statement raises a substantial question. A substantial question is present where the appellant advances an argument that the sentence was inconsistent with a specific provision of the

_____

issues either at the time of revocation or in the post-sentence motion. Any appellate claim based upon the technological defects at the revocation hearing is accordingly waived. **See** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Id.* at 328.

Appellant asserts in his Rule 2119(f) statement that his sentence was manifestly excessive and disproportionate to the technical nature of his probation violation. Appellant's Brief at 14-15. Appellant has raised a substantial question. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not a new criminal offense, implicates the fundamental norms which underlie the sentencing process.") (citation omitted); *Commonwealth v. Carver*, 923 A.2d 495, 497 (Pa. Super. 2007) (same); *see also Commonwealth v. Dunphy*, 20 A.3d 1215, 1222 (Pa. Super. 2011) (claim that sentencing court failed to offer specific reasons for sentence raises a substantial question). Accordingly, we will proceed to review the merits of the appeal.

Our standard of review for challenges to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Watson*, 228 A.3d 928, 936-37 (Pa. Super. 2020) (citation omitted).

When imposing a sentence following a revocation of probation, a VOP court is guided by Sections 9721(b) and 9771(c) of the Sentencing Code, 42 Pa.C.S. §§ 9721(b), 9771(c). **See Commonwealth v. Derry**, 150 A.3d 987, 993-94 (Pa. Super. 2016). Section 9721(b) provides in relevant part that "[i]n every case in which the court [] resentences a person following revocation of probation [], the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). The statute further provides that "[f]ailure to comply [with the provisions of this subsection] shall be grounds for vacating the sentence or resentence and resentencing the defendant." **Id.**; **see also Commonwealth v. Cartrette**, 83 A.3d 1030, 1041 (Pa. Super. 2013) (*en banc*). Additionally, pursuant to Rule of Criminal Procedure 708, when imposing a sentence following revocation of probation "[t]he judge shall state on the record the reasons for the sentence imposed." Pa.R.Crim.P. 708(D)(2).

This Court has explained as follows a sentencing court's obligation to state its rationale for imposing a revocation sentence:

> [T]he requirement that a trial court explain its sentence under Section 9721 and corresponding [] Rule 708 has two components. First, the court must state its reasons on the record at the time the sentence is imposed. **See Commonwealth v. Riggins**, 377 A.2d 140, 143 (Pa. 1977); **Commonwealth v. Beasley**, 570 A.2d 1336, 1338 (Pa. Super. 1990) ("A sentencing court has a statutory duty to disclose in open court at the time of sentencing a statement of reasons for the sentence imposed"). Requiring the sentencing court to state its reasons at that time provides a procedural mechanism for the aggrieved party both to attempt to

rebut the court's explanation and inclination before the sentencing proceeding ends, and to identify and frame substantive claims for post-sentence motions or appeal. ***Commonwealth v. Reaves***, 923 A.2d 1119, 1129 (Pa. 2007). Therefore, [] it is not sufficient for the trial court to state its reasons in a post-sentence Rule 1925(a) opinion. ***See Commonwealth v. Giles***, 449 A.2d 641 (Pa. Super. 1982) (rejecting argument that the failure to state reasons at the time of sentencing can be remedied by stating them in a later opinion); ***see also Commonwealth v. Harris***, 457 A.2d 572, 574-575 (Pa. Super. 1983). The reasons must be given "in open court at the time of sentencing." 42 Pa. C.S. § 9721(b).

Second, although "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." [] ***Crump***, 995 A.2d [at] 1283 []. A "discourse on the court's sentencing philosophy, as it applies to the defendant before it, is not required." ***Commonwealth v. Hill***, 629 A.2d 949, 953 (Pa. Super. 1993). But "the reasons must reflect the judge's consideration of the sentencing code, the circumstances of the offense and the character of the offender." ***Beasley***, 570 A.2d at 1338; ***see also Hill***, 629 A.2d at 953 ("Simply put, the sentencing judge must state his or her reasons for the sentence imposed").

***Commonwealth v. Flowers***, 149 A.3d 867, 875-76 (Pa. Super. 2016).

In the present matter, while there was lengthy discussion at the revocation hearing concerning the maximum legal sentence that could be imposed, N.T., 3/18/21, at 3-7, 14-16, the VOP court did not state on the record at the revocation hearing any rationale for the sentence actually imposed upon Appellant. ***Id.*** at 16. We note that the judge presiding over the revocation proceedings was not the same judge who had initially accepted Appellant's plea and sentenced him, and there is no indication on the record that the VOP court was familiar with Appellant's character. ***Cf. Commonwealth v. Pasture***, 107 A.3d 21, 28 (Pa. 2014) (where the same

judge imposes the initial sentence and the revocation sentence, "the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing" as the judge "is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant").

Appellant did raise the VOP court's failure to state its rationale for sentencing in his post-sentence motion and his concise statement of errors filed pursuant to Rule of Appellate Procedure 1925(b), and the VOP court stated its reasons for the sentence in its Rule 1925(b) opinion. *See* VOP Court Opinion, 6/2/21, at 5. However, as *Flowers* makes clear, a sentencing court's belated explanation of its rationale in a Rule 1925(a) opinion does not substitute for the Sentencing Code's mandate that the reasons for the sentence be stated "in open court at the time of sentencing." 149 A.3d at 876 (quoting 42 Pa. C.S. § 9721(b)).

Accordingly, we vacate the Appellant's sentence imposed following revocation of his probation and remand this matter to the VOP court for resentencing, at which time the court will articulate adequate reasons for the new sentence as required by the Sentencing Code and Rules of Criminal Procedure. 42 Pa.C.S. § 9721(b); Pa.R.Crim.P. 708(D)(2); *Flowers*, 149 A.3d at 875-77 (vacating sentence imposed after revocation of intermediate punishment and remanding for resentencing based upon sentencing court's

failure to state reasons for sentence at hearing and in spite of fact that court later articulated basis in Rule 1925(a) opinion).[4]

Revocation of probation affirmed. Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2022

---

[4] As we have vacated Appellant's sentence, we need not address his separate argument that the VOP sentence was manifestly excessive. ***See Flowers***, 149 A.3d at 877.