J-S14009-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE H. CRUM | : | |
| | : | |
| Appellant | : | No. 1091 MDA 2023 |

Appeal from the Judgment of Sentence Entered June 13, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005312-2018


BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED JUNE 27, 2024**

George H. Crum appeals, *nunc pro tunc*, from the judgment of sentence entered in the Court of Common Pleas of Dauphin County following the revocation of his probation.  On appeal, Crum challenges the trial court's authority to revoke his probation where the court allegedly imposed an illegal original sentence following his convictions.  Considering the claimed illegality of the original sentence, Crum requests this Court vacate his current revocation sentence and remand to the trial court for further proceedings.  After careful review, we affirm.

The facts of this case are as follows.  On August 25, 2020, Crum pled guilty to charges related to his June 4, 2018 offenses, namely, one count each of Driving Under the Influence (DUI)—incapable of safe driving[1] and DUI—

_____

[1] 75 Pa.C.S.A. § 3802(a)(1).

highest rate of alcohol,[2] ensuing from Crum's blood-alcohol content (BAC) test result of .308 within two hours of driving or operating his vehicle.

The Honorable Richard Lewis sentenced Crum for DUI—highest rate of alcohol to four to twenty-three months' in Dauphin County prison, making Crum work-release eligible after ten months. The court also sentenced Crum for that same offense to five years' probation, which the court ordered to run concurrently with Crum's term of confinement.[3] As a condition of his probation, Crum was required to refrain from consuming alcohol.

On November 7, 2022, the court held a probation revocation hearing, Crum's first, because Crum tested positive for alcohol on August 30, 2022, and October 10, 2022. At the conclusion of the hearing, the court ordered Crum to wear a SCRAM alcohol detection monitor for sixty days.

On January 23, 2023, the court held a second probation revocation hearing because Crum again tested positive for alcohol, with a BAC of .256, on December 7, 2022. As a result of his probation violation, the court revoked Crum's probation sentence, ordering Crum to serve six months' probation.

On April 17, 2023, the court held a third probation revocation hearing because Crum again tested positive for alcohol on February 9, 2023, at 10:30

---

[2] *Id.* at § 3802(c).

[3] The court found that Crum's offenses merged for sentencing purposes. Further, the court gave Crum time-served credit of eight months and two days. Also, that same date, the court sentenced Crum to twelve to thirty-six months' imprisonment on two other DUI dockets not subject to this appeal— 5664 CR 2018 and 5661 CR 2018—with all sentences run concurrently.

a.m., recording a BAC of .247. **See** N.T. Revocation Hearing, 4/17/23, at 3. Due to this probation violation, the court again revoked Crum's probation sentence, ordering Crum to serve one to two years' incarceration in a state facility.

On April 26, 2023, Crum filed a counseled post-sentence motion, raising several claims, including, in part, a request for credit for time served. On June 13, 2023, the trial court entered an order granting in part and denying in part Crum's post-sentence motion.[4]

Crum failed to file a timely notice of appeal, though, on July 7, 2023, Crum filed a counseled petition for reinstatement of his appellate rights *nunc pro tunc* on the basis that counsel failed to file a requested appeal.[5] On July

---

[4] Specifically, the court granted Crum's request for credit for time served and awarded 3 months and 26 days of credit towards the sentence imposed on April 17, 2023; the order denied the remainder of Crum's post-sentence motion and noted that all other aspects of the April 17, 2023 sentence were to remain the same.

[5] Counsel filed the petition for reinstatement of Crum's appellate rights under the apparent misapprehension that Crum's appeal period expired. However, we note that where the trial court amends the judgment of sentence during the period it maintains jurisdiction, the direct appeal lies from the amended judgment of sentence. **See Commonwealth v. Garzone**, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010). Thus, Crum had until July 13, 2023, to file his notice of appeal. **See** Pa.R.A.P. 903(a). Because it is clear from the record that Crum requested a direct appeal be filed in this case, as evidenced by his premature counseled petition requesting reinstatement of his appellate rights on that very basis, we conclude the court properly reinstated Crum's appellate rights after their expiration on July 13, 2023. **See Commonwealth v. Markowitz**, 32 A.3d 706, 714 (Pa. Super. 2011) (when defense lawyer fails to file direct appeal requested by defendant, defendant is automatically entitled to reinstatement of direct appeal rights).

27, 2023, the court reinstated Crum's appellate rights *nunc pro tunc*. On August 3, 2023, Crum filed his notice of appeal *nunc pro tunc*.[6] Crum and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Crum presents the following question for our review: "Whether the trial court lacked the authority to revoke [] Crum's probationary sentence when [his] initial sentence constituted an illegal sentence at the time of imposition?" Appellant's Brief, at 7.

As a threshold issue, Crum argues he may challenge the legality of his original sentence at any time. *Id.* at 16. Accordingly, Crum claims he may challenge his original sentence as illegal because "the sentencing code does not contemplate a sentence which imposes both probation and incarceration for the same offense running 'together,' as opposed to a split sentence." *Id.* at 19. Crum further claims his original sentence was illegal because it consisted of a term of imprisonment in addition to a term of probation, which, combined, amounted to five years and four months' to six years and eleven months' of total time sentenced on a single offense. Crum argues that this

_____

[6] Crum filed the instant notice of appeal stating that his appeal is purportedly from the judgment of sentence entered on April 17, 2023. Nevertheless, because the trial court amended Crum's judgment of sentence on June 13, 2023, providing credit for time served, we have corrected the Appeal Docket to reflect that Crum's appeal lies from his amended judgment of sentence imposed on June 13, 2023. *See Garzone*, 993 A.2d at 1254 n.6.

sentence exceeded the lawful maximum sentence[7] of five years total for a second-offense DUI, a first-degree misdemeanor.[8] *Id.* at 20.

Our standard of review in an appeal following the appellant's revocation of probation is well-established:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will.

> When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1283-84 (Pa. Super. 2012) (citation and ellipsis omitted). "The scope of review in a direct appeal following revocation [of probation] . . . is limited to the validity of the revocation proceedings and the legality of the judgment of sentence." *Commonwealth v. Anderson*, 788 A.2d 1019, 1022 (Pa. Super. 2001).

Crum's appeal is a challenge to the legality of his original sentence. "A challenge to the legality of a sentence may be raised as a matter of right, is not subject to waiver, and may be entertained as long as the reviewing court

---

[7] A sentence that exceeds the statutory maximum is illegal. *See Commonwealth v. Bradley*, 834 A.2d 1127, 1131 (Pa. 2003).

[8] *See* 75 Pa.C.S.A. § 3803(b)(4).

has jurisdiction." ***Commonwealth v. Bowers***, 25 A.3d 349, 352 (Pa. Super. 2011); ***see also Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005) (en banc), ***appeal denied***, 917 A.2d 844 (Pa. 2007) ("A court may entertain a challenge to the legality of the sentence so long as the court has jurisdiction to hear the claim.").

Claims challenging the fundamental legal authority of the court to impose a sentence constitute a legality of sentence issue. ***See Commonwealth v. Martinez***, 141 A.3d 485, 487 (Pa. Super. 2016). Our standard of review for a legality of sentence claim, which is an issue of law, is *de novo* and our scope of review is plenary. ***See Commonwealth v. Infante***, 63 A.3d 358, 363 (Pa. Super. 2013). Where there is no statutory authorization for a sentence, it is illegal, subject to correction, and must be vacated. ***See Commonwealth v. Jackson***, 271 A.3d 1296, 1287 (Pa. Super. 2022).

Here, as a threshold jurisdictional issue, we must determine if we may entertain Crum's challenge to his original sentence. ***See Bowers***, ***supra***. This is because the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, is the "exclusive vehicle for obtaining post-conviction collateral relief." ***Commonwealth v. Kutnyak***, 781 A.2d 1259, 1261 (Pa. Super. 2001). As a jurisdictional requirement, "[a]ll PCRA petitions must be filed within one year of the date a judgment of sentence becomes final," unless the petitioner pleads and proves one of three exceptions. ***Commonwealth v. Fowler***, 930 A.2d 586, 590-91 (Pa. Super. 2007). We have explained that, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must

still first satisfy the PCRA's time limits or one of the exceptions thereto." *Id.* at 592 (citation omitted).

In support of his claim that we have jurisdiction to review the legality of his original sentence in this appeal from his probation revocation sentence, Crum cites to our decision in *Commonwealth v. Milhomme*, 35 A.3d 1219 (Pa. Super. 2011). Crum argues that *Milhomme* stands for the proposition that an illegal original sentence, which was illegal when imposed, may be challenged at this procedural juncture, and thus, he is not bound by the timeliness requirements of the PCRA as it relates to his collateral attack on his original sentence. *See* Appellant's Brief, at 16-18.

In making his argument, Crum acknowledges that we have previously rejected a similar claim. *See Infante*, 63 A.3d at 367 n.4 (declining to review Defendant/Appellant's original sentence in appeal from sentence imposed following probation revocation because *Milhomme* was decided relying on *Commonwealth v. Everett*, 419 A.2d 793 (Pa. Super. 1980), which itself was decided on appeal from denial of petition for collateral relief and prior to revised PCRA time constraints). *See also Fowler*, 930 A.2d at 593 (declining to follow *Everett* because case involved petition brought under Post Conviction Hearing Act, predecessor statute of PCRA, and filed before 1995 amendments to PCRA, which added jurisdictional time limit).

Crum claims that the *Infante* decision is distinguishable because that court found waiver of a legality of sentencing issue based on the Appellant's failure to make a timely challenge to his original sentence where there was an

intervening change in law. Crum reasons that, because **Milhomme** and **Infante** are both three-judge decisions, in order to give effect to both cases, **Milhomme** must stand for the proposition that if the original sentence was illegal **when imposed**, then such illegality may be challenged at any time. **See** Appellant's Brief, at 18.

We observe that issues relating to the legality of sentence are cognizable under the PCRA. **See Commonwealth v. Williams**, 660 A.2d 614 (Pa. Super. 1995). Further, the timeliness requirements of the PCRA are "jurisdictional time limits [that] go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits." **Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999) (citations omitted). Additionally, "although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." **Id.** at 223. Finally, the PCRA is the sole means of obtaining collateral relief. **See Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa. Super. 2004).

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence becomes final, unless the petitioner alleges and proves that an exception set forth at 42 Pa.C.S.A. §§

9545(b)(1)(i), (ii), and (iii), is met.[9]  A PCRA petition invoking one of these statutory exceptions must be filed within one year of the date the claims could have been presented.  **See** 42 Pa.C.S.A. § 9545(b)(2).

Here, Crum's judgment of sentence became final for purposes of the PCRA[10] on September 24, 2020, at the expiration of the 30-day period for filing a direct appeal with this Court.  **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).  Thus, Crum had until September 24, 2021, to file a timely

---

[9] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

[10] Upon our review, we conclude that Crum's appeal is really a collateral challenge to the validity of his original sentence.  **See, e.g.**, **Infante**, 63 A.3d at 367 (untimely challenge to legality of original sentence deprives court of jurisdiction to review claim).  Thus, we must review Crum's collateral attack on his original sentence pursuant to the strictures of the PCRA.  **See Beck**, 848 A.2d at 989 (treating appellant's habeas corpus petition as PCRA petition regarding legality of sentence because PCRA is sole means for obtaining collateral relief and challenges to legality of sentence are cognizable under PCRA); **Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997) (treating appellant's motion to modify sentence as PCRA petition relating to legality of sentence).

PCRA petition challenging his underlying sentence. Crum lodges the instant collateral attack to the legality of his original sentence nearly two years after his original judgment of sentence became final. Accordingly, Crum's challenge is patently untimely. Therefore, Crum must satisfy his burden of pleading and proving that one of the enumerated exceptions to the jurisdictional time-bar applies. Upon our review, we conclude that Crum has failed to demonstrate any such exception applies. Since we do not have jurisdiction under the PCRA, we may not review the legality of sentence challenge. **See Bowers**, 25 A.3d at 352; **see also Berry**, **supra**.

Further, we observe that our review in this appeal from Crum's revocation of probation is limited **solely to the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. See Commonwealth v. Wright,** 116 A.3d 133, 136 (Pa. Super. 2015); **see also Anderson**, 788 A.2d at 1022. Indeed, in this appeal, Crum neither challenges the revocation proceedings[11] nor his latest revocation sentence ordering imprisonment for one to two years. **See** N.T. Revocation Hearing, 4/17/23, at 4 (Defense counsel informing court, "Your

---

[11] Crum's challenge to the revocation proceedings is derivative of his collateral challenge to his original sentence, which itself is not a reviewable claim. **See Infante**, 63 A.3d at 367 ("Appellant, however, failed to file a timely PCRA petition challenging the legality of that initial sentence, where that claim on Appellant's behalf would be one exclusively reserved for the PCRA under the circumstances of this case. Therefore, Appellant's claim as to the legality of the original sentence was lost.") (citations omitted).

Honor, we're not strictly speaking contesting the violations, however, we would like to make legal argument."); *id.* at 5 (Defense counsel stating, "As I said, we are not strictly speaking contesting, however, we do have two distinct legal arguments."); N.T. Revocation Hearing, 5/15/23, at 5 (Defense counsel stating, "[Crum] doesn't deny that his [BAC] level was that high.").

Moreover, we have previously explained that an appeal from revocation proceedings, such as this one, is an inappropriate vehicle for a challenge to an original sentence. *See Commonwealth v. Beasley*, 570 A.2d 1336, 1338 (Pa. Super. 1990) (where appellant challenges original sentence in appeal from probation revocation proceedings, approach is incorrect for two reasons: (1) any collateral attack on underlying conviction must be raised pursuant to PCRA, and (2) focus of appeal is on probation revocation hearing and sentence imposed consequent to probation revocation).

Finally, a panel of this Court recently held that the appellant could not challenge his 2009 and 2018 sentences, where the appeal was from a probation revocation sentence entered in 2022. *See Commonwealth v. Diaz*, -- A.3d --, 2024 PA Super 60 (Pa. Super. filed March 27, 2024) ("[P]rior sentences, including those imposed in 2009 and 2018, are of no moment because they long have been final. Appellant is therefore precluded from disturbing those prior sentences at the present juncture, when only his present sentence is before us."). Accordingly, Crum is not entitled to any relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 06/27/2024